JOHN L. BURRIS, Esq., SBN 69888
DEWITT M. LACY, Esq., SBN 258789
K. CHIKE ODIWE, Esq., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
LASHON SALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHON SALES, individually and as successor-in-interest to Decedent CAMERON WAGNER,<br><br>Plaintiff,<br><br>vs.<br><br>DEBBIE ASUNCION, Warden of the CALIFORNIA DEPARTMENT OF CORRECTIONS, LOS ANGELES COUNTY; and DOES 1-50, inclusive, individually and in their official capacities,<br><br>Defendants. | CASE NO.: 2:18-cv-3606<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.     This case arises out of the wrongful death of Cameron Wagner. On March 26, 2017, Mr. Wagner committed suicide after Defendants failed to act after having clear notice of Mr. Wagner's serious medical needs and suicidal ideation.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the death of the Decedent, Cameron Wagner.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Lancaster, County of Los Angeles, California, which is within the judicial district of this Court.

4. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. Decedent CAMERON WAGNER (hereinafter "Decedent") was an individual residing in the State of California.  Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Successors-in-Interest Lashon Sales. Said Plaintiff is the person with standing to bring this action as Decedent was unmarried at the time of his death.

7. Plaintiff LASHON SALES (hereinafter "Plaintiff"), is and was at all times herein mentioned the biological mother of Decedent. Plaintiff sues in her individual capacity and as a Successor-in-Interest to Decedent.

8. Defendant DEBBIE ASUNCION (hereinafter "Asuncion") is and was a Warden employed by the California Department of Corrections ("CDCR"), Los Angeles County. She is being sued in her individual capacity.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff alleges that

Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiff further allege that the DOE Defendants violated Plaintiff's Fourteenth Amendment right to familial association and companionship and caused the wrongful death of Decedent. Plaintiff will amend her Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by the State of California at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend her Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## **ADMINISTRATIVE PREREQUISITES**

11. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has filed a claim with the California Victim's Compensation Board. The Victim's Compensation Board rejected Plaintiff's claim on October 27, 2018. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## **GENERAL ALLEGATIONS**

12. Decedent was an inmate at California State Prison Los Angeles, located at 44750 60th Street West, Lancaster, CA 93536, when he committed suicide after prison personnel failed to monitor him according to the law and appropriate protocols after having notice that Decedent planned to commit suicide.

13. Decedent's psychiatric issues and suicidal ideation were well documented by Defendants and the CDRF staff. Two-weeks prior to his death, Decedent was seen for a psychiatric evaluation after he cut his left wrist with an unknown sharp instrument. On March 24, 2017, two days

before his death, Decedent pled for an unidentified correctional officer to help him. At the time, Defendant Asuncion knew and several correctional staff defendants heard Decedent's pleas for help and were on notice that Decedent had a mental breakdown. Decedent was distraught about his lack of sleep, anxiety, and severe depression. Even still, Defendants failed to take action to address Decedent's serious medical needs and suicidal ideation.

14.  On March 26, 2017, Decedent was found unresponsive in his cell at 1406 hours. Decedent was found on the floor with a ligature around his neck and attached to his bedframe. The ligature was fashioned from strips of bedsheet fabric. Decedent was pronounced dead as a result of his injuries.

15.  Decedent's death was the result of the prison staff's deliberately indifferent failure to summon and/or provide medical treatment for Decedent's serious medical needs and/or failure to adequately monitor Decedent after having notice that Decedent was in need of serious medical attention and planned to commit suicide.

16.  Plaintiff is informed and believes and thereon alleges that DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the failure to treat the serious medical needs of Los Angeles County Prison inmates.

17.  Plaintiff is informed and believes and thereon alleges that members of the Los Angeles County Jail Staff, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, and failed to address or monitor Los Angeles County Prison inmates with serious medical needs, including, but not limited to Decedent.

18.  Plaintiff is informed, believes and thereon alleges that the Los Angeles County Prison knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

19. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

20. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

21. Plaintiff seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

22. Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Survival Action: Denial of Medical Care)
### (against Defendants Asuncion and DOES 1-25)

24. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

26. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

28. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

29. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Violation of Plaintiff's 14th Amendment Rights/Right to Familial Relationship)**
**(against Defendants Asuncion and DOES 1-25)**

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

32. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

33. As a result of the excessive force by Defendants, Decedent died. Plaintiff was thereby deprived of their constitutional right of familial relationship with Decedent.

34. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with their familial relationship with Decedent.

35. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

36. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff.

37. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

38. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

39. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Against Defendants Asuncion and DOES 1-50)**

40. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

41. Defendants died as a consequence of the negligent and/or deliberate disregard of his serious medical needs by Defendants. Because Decedent died intestate, unmarried, and without issue, Plaintiff is the proper persons to sue for his wrongful death under California state law.

42. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment, as set forth herein-above proximately caused the death of Decedent.

43. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained a pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

44. As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

45. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of California Civil Code §52.1)**
**(against Defendants Asuncion and DOES 1-25)**

46. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

48. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

49. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

50. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

51. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. Compensatory damages in as sum according to proof;
2. For general damages in a sum according to proof;
3. For special damages in a sum according to proof;
4. For punitive damages in a sum according to proof as to Defendants Asuncion and DOES 1-25;
5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
6. For any and all statutory damages allowed by law;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: April 27, 2018

**Law Offices of John L. Burris**

  /s/ *K. Chike Odiwe*
K. Chike Odiwe, Esq.
Attorney for Plaintiff